CHARLES A. DRISKO *vs.* INHABITANTS OF COLUMBIA.

Washington. Opinion April 3, 1883.

*Towns. Warrant for town meeting. Articles. Votes.*

An article in a town warrant, "to see if the town will pay Charles A. Drisko a certain sum which was actually reimbursed to the town for his enlisting for three years," does not authorize the town to vote, "to pay a compensation to Charles A. Drisko, of four hundred dollars, in satisfaction of services he claims to have rendered the town for enlisting in the United States service for three years instead of one year," it appearing that the town had not received any reimbursement on that account.

ON EXCEPTIONS.

Assumpsit to recover the sum of four hundred dollars in accordance with a vote of the defendant town, at their March meeting in the year 1874. The writ was dated February 7, 1880. The plea was general issue.

At the trial after the plaintiff's evidence was out, the presiding justice ordered a nonsuit, and the plaintiff alleged exceptions.

The facts appear in the opinion.

*Charles Peabody*, for the plaintiff.

The warrant must give notice with reasonable certainty of the subject matter to be acted upon. *B. & M. L. R. R. Co.* v. *Brooks*, 60 Maine, 568.

This was done in this case. The only difference between the warrant and the vote is, that the latter is a little more specific as

it should be. The word "reimburse" in the warrant may be objectionable. A different word might have been in better taste, or better English. But a profession that endures law Latin should not quarrel with bad English.

*J. A. Milliken,* for the defendants.

PETERS, J. The plaintiff enlisted towards the close of the late war for three years, and was credited to the quota of the town of Columbia. By the closing of the war he was in the service less than a year. He received a bounty of three hundred dollars from the town, and the same amount from the state. It is claimed that he was enlisted under a bargain which would require the town to pay him nine hundred dollars instead of three hundred. The contract, if there was such a one, not being authorized by any law in existence at the time, could be validated by the town. R. S., c. 3, § § 37, 39.

In 1874, this article was inserted in a warrant for town meeting : "To see if the town will pay Charles A. Drisko a certain sum which was actually reimbursed to the town by his enlisting for three years." And the following vote was passed : "Voted to pay a compensation to Charles A. Drisko of four hundred dollars in satisfaction of services he claims to have rendered the town for enlisting in the United States service for three, instead of one year." Is the vote within the purview of the warrant, in the light of the admission, upon the briefs of counsel, that no such reimbursement had ever been made to the town? We say it is not.

The warrant was to see if the town would pay out of the treasury a certain sum which had been actually paid into the treasury. It calls for a certain sum already received, (by implication) received from the state ; received on account of, and to some extent if not wholly, for the plaintiff. The warrant implies that the town had collected money which it could not justly keep. At the meeting it was, no doubt, ascertained that no money had been paid to the town on account of the plaintiff's enlistment, and so the vote was worded as it is. The vote calls for one thing, and the warrant for another. This is not a case where an idea

has been blindly or illiterately expressed. Both the warrant and vote are couched in clear and concise terms, and neither could be easily misunderstood.

*Nonsuit confirmed.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.